[Crim. No. 249. Second Appellate District.—July 19, 1912.]

## In the Matter of the Application of E. S. POTTER for Writ of Habeas Corpus.

HABEAS CORPUS—FAILURE OF APPELLATE JUSTICES TO AGREE—REMAND OF PETITIONER.—Upon the hearing of an application for a writ of *habeas corpus* in the appellate court, where the justices of such court are unable to agree upon a decision of the question involved in the proceeding, the petitioner for the writ must be remanded to the custody of the proper officer.

APPLICATION for writ of *habeas corpus* to the Chief of Police of the city of Los Angeles.

The ground of decision is stated by the court.

Parker & Moote, for Petitioner.

John D. Fredericks, District Attorney, Guy Eddie, City Prosecutor, Frank W. Stafford, Assistant City Prosecutor, and L. H. Roseberry, Special Prosecutor, for Respondent.

THE COURT.—The justices of this court being unable to agree upon a decision of the questions involved in this proceeding, it follows that the petitioner must be remanded to the custody of the chief of police of Los Angeles city, and it is so ordered.

---

[Crim. No. 250. Second Appellate District.—July 19, 1912.]

## In the Matter of the Application of E. S. POTTER for Writ of Habeas Corpus.

HABEAS CORPUS—FAILURE OF JUSTICES OF APPELLATE COURT TO AGREE—REMAND OF PETITIONER.—Upon the hearing of an application for a writ of *habeas corpus* in the appellate court, where the justices of such court are unable to agree upon a decision of the questions involved in the proceeding, the petitioner must be remanded to the custody of the proper officer.

APPLICATION for writ of *habeas corpus* to the Chief of Police of the city of Los Angeles.

The ground of decision is stated by the court.

Parker & Moote, for Petitioner.

John D. Fredericks, District Attorney, Guy Eddie, City Prosecutor, Frank W. Stafford, Assistant City Prosecutor, and L. H. Roseberry, Special Prosecutor, for Respondent.

THE COURT.—The justices of this court being unable to agree upon a decision of the questions involved in this proceeding, it follows that the petitioner must be remanded to the custody of the chief of police of Los Angeles city, and it is so ordered.

---

[Civ. No. 918.   First Appellate District.—July 22, 1912.]

## THE FIRST NATIONAL BANK OF SAN FRANCISCO, a Corporation, Appellant, v. WILLIAM K. GOLDEN, Respondent.

BANKS—ORDER ON SAVINGS BANK TO DEBTOR OF COMMERCIAL BANK—DELIVERY OF PASS-BOOK—ASSIGNMENT TO SECURE DEBT—FRAUD OF DEBTOR—EQUITIES—NON-NEGOTIABILITY.—Where an order on a savings bank was given to a debtor of a commercial bank, with the accompanying pass-book for collection, as a conditional payment for land purchased from the debtor, to be returned if the land was not purchased, and said order and pass-book were assigned by such debtor to the commercial bank to secure its debt, and upon discovery of false representations of the debtor as to the land purchased, the depositor notified the savings bank to stop payment of the deposit, and also notified the commercial bank as to such stoppage, it is held that such order with the accompanying pass-book was a non-negotiable chose in action, which was subject, in the hands of the commercial bank, to all equities as between the depositor and its debtor, by reason of whose fraud the transfer was without consideration as to the depositor.

ID.—ASSIGNOR OF DEBTOR NOT ESTOPPED BY ASSIGNMENT TO BANK WITHOUT NOTICE OF FRAUD—VALUE NOT PARTED WITH BY BANK.—The